CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 17 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **HERBERT JAMES HENRY, JR.,** ) | Civil Action No. 7:07cv00076 |
| Petitioner, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: Hon. Glen E. Conrad |
| Respondent. ) | United States District Judge |

Petitioner Herbert James Henry, Jr. filed this pro se 28 U.S.C. § 2255 motion challenging his sentence for conspiring to distribute fifty grams or more of a mixture or substance containing methamphetamine and possession of chemicals and other materials used to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 843(a)(6), and 846. See Criminal Case No. 7:05-cr-00003 (W.D. Va. October 24, 2005). Henry claims that counsel provided ineffective assistance in failing to object to an alleged sentencing violation under United States v. Booker, 543 U.S. 220 (2005), and in failing to file an appeal after Henry requested that he file an appeal. Respondent has filed a motion to dismiss, Henry has filed a timely response, and the matter is now ripe for the court's consideration. On the existing record, the court is unable to resolve Henry's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, orders an evidentiary hearing on the issue.

**I.**

On February 24, 2005, a grand jury returned a sixteen-count indictment against Henry and ten other defendants. Henry was charged with conspiring to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (Count One); and four counts of possession of equipment, chemicals, products, or materials used to manufacture methamphetamine (Counts Eleven, Twelve, Fifteen, and Sixteen). On June 23, 2005, by written plea

agreement, Henry pleaded guilty to Counts One and Eleven and waived his right to appeal any sentencing guideline issues, to collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel known and not raised at the time of sentencing. In accordance with the plea agreement, the court dismissed the remaining counts of the indictment pertaining to Henry. The court ultimately sentenced Henry to 132 months for Count One, followed by a four year term of supervised release, and 120 months for Count Eleven to be served concurrently with Count One, followed by a three year term of supervised release.

## II.

One of Henry's claims of ineffective assistance is that counsel failed to file an appeal upon Henry's request.[1] An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. Poindexter, slip op. at 14; see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (finding that "an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective"), citing Roe v. Flores-Ortega, 528 U.S. 470, 475-77 (2000). The inmate need not show a reasonable probability of success on appeal. See Peguero v.

---

[1] Because this claim pertains to a phase post-dating execution of his waiver, it falls outside the scope of the waiver, requiring the court to assess this claim on its merits. See United States v. Poindexter, ___ F.3d ___, slip op. at 8 (4th Cir. June 28, 2007) (overturning district court's denial of § 2255 motion on grounds of ineffective assistance of counsel, and holding that defendant's attorney provided ineffective assistance by disregarding defendant's unequivocal instruction to file notice of appeal, even though defendant had executed a collateral attack waiver as part of his guilty plea); United States v. Lemaster, 403 F.3d 216, 220 n. 2 (2005) (acknowledging that the applicability of United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings), to collateral attack waivers was not squarely before the court, but noting: "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. . . . [H]owever, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights.").

United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if Henry's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate the merits of Henry's allegation.[2] Accordingly, the court will order an evidentiary hearing as to whether Henry unequivocally instructed his attorney to file a notice of appeal.[3]

### III.

With regard to Henry's other claim of ineffective assistance, the United States Court of Appeals for the Fourth Circuit, in United States v. Killian, 22 Fed. Appx. 300 (4th Cir. 2001), has instructed that, when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court should not consider the merits of any of the remaining claims in the § 2255 motion, but should instead dismiss those claims without prejudice. Since the outcome of the evidentiary hearing may affect the issues raised in Henry's other claim, the court will not at this time address respondent's argument in its motion to dismiss regarding Henry's other claim. Respondent's motion to dismiss will be taken under advisement until such time as it is appropriate to address petitioner's Booker claim.

---

[2] Respondent has submitted four exhibits with its motion to dismiss. Citing to "Respondent's Exhibit D," respondent states:

> In a sworn affidavit, Petitioner's counsel states that "At no time did Mr. Henry request that I appeal his sentence or conviction in that cause. . . . To note an appeal could have deprived Mr. Henry of the favorable plea agreement, the acceptance of responsibility and the possibility of a future substantial assistance motion and reduction in sentence."

However, the court has reviewed all thirteen pages of the exhibits, and is unable to find any such affidavit.

[3] If his attorney was so instructed, Henry is to be allowed a direct appeal. Poindexter, slip op. at 14. If his attorney was not so instructed, the court will have to determine if Henry met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. Id.

## IV.

For the foregoing reasons, the court will refer the matter to the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of a hearing and the preparation of a report and recommendation. An appropriate order will be entered this day.

ENTER: This 17th day of August, 2007.

                                                /s/ Glen Conrad
                                                United States District Judge